# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FAHIE, | CASE NO. 1:10-CV-00415-AWI-DLB PC |
| Plaintiff, | ORDER DISREGARDING PLAINTIFF'S MOTIONS AS MOOT (DOCS. 16, 19, 20) |
| v. | |
| CSATF CORCORAN APPEALS OFFICE, et al., | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM (DOC. 1) |
| Defendants. / | RESPONSE DUE WITHIN 30 DAYS |

**Screening Order**

**I.** **Background**

Plaintiff Antonio Fahie ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on March 9, 2010.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff filed several motions requesting that the Court issue an order in favor of Plaintiff's action, filed on July 8, 2010, September 20, 2010, and October 20, 2010. (Docs. 16, 19, 20.) As the Court is screening Plaintiff's complaint by this order, Plaintiff's motion are disregarded as moot.

1

1 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.     Summary of Complaint and Violation of Rule 8

Plaintiff was previously incarcerated at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants the CSATF Corcoran Appeals office, R. Hall, R. Gomez, Kathleen Allison, Smith, and P. Escobar.

Plaintiff requests that the Court examine the attached documents to determine his claims. Plaintiff attaches his various inmate grievances.  Plaintiff requests as relief an injunction preventing any transfer to a prison where there is valley fever.  Plaintiff also requests a transfer to a level 4 prison closer to his home.

The Court declines to review Plaintiff's documents to determine what Plaintiff's claims are.  Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiff is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court will not mine Plaintiff's submitted documents to determine what Plaintiff's claims are. Under § 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Accordingly, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days.

2

Based on Plaintiff's request for injunctive relief, the Court provides the following legal standards.

### A. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

### B. Due Process - Prison Transfers

Prisoners have no liberty interest in avoiding being transferred to another prison. *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976).

### C. Supervisory Liability

The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

### III.     Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.  While accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions, filed July 8, 2010, September 20, 2010, and October 20, 2010, are DISREGARDED as moot;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and

4. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 2, 2010**                         **/s/ Dennis L. Beck**
                                                                                UNITED STATES MAGISTRATE JUDGE