# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FAHIE, | CASE NO. 1:10-CV-00415-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| CSATF CORCORAN APPEALS OFFICE, et al., | (DOC. 22) |
| Defendants. | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendation**

**I.   Background**

    Plaintiff Antonio Fahie ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 9, 2010, Plaintiff initiated this action by filing his complaint. Doc. 1. On December 3, 2010, the Court dismissed Plaintiff's complaint for failure to state a claim. Doc. 21. Plaintiff was provided leave to file an amended complaint. On December 13, 2010, Plaintiff filed his first amended complaint. Doc. 22.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary Of Amended Complaint

Plaintiff was previously incarcerated at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Wiggens, Smith, and Escobar, correctional counselor I at SATF.

Plaintiff alleges the following. Plaintiff's due process rights were violated when Defendants failed to properly file Plaintiff's 602 inmate grievance, seeking to stop any move to a prison located in the San Joaquin Valley. Plaintiff contends that any prison in the San Joaquin Valley has valley fever.

Plaintiff requests as relief an injunction preventing any transfer to a prison in the San Joaquin Valley which has valley fever.

## III.    Analysis

Prisoners have a constitutional right to file inmate grievances. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005), and *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003)). However, prisoners do not have a due process right for a specific inmate grievance procedure, as prisoners have no such liberty interest.

1  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640
2  (9th Cir. 1988)). Even assuming that Defendants were responsible for the processing of
3  Plaintiff's inmate grievances, Plaintiff fails to state a claim.[1]  Plaintiff does not allege that
4  Defendants prevented him from filing, only that they did not respond to his grievance. There is
5  no due process violation for not treating Plaintiff's grievance in a specific manner. Additionally,
6  prisoners have no liberty interest in avoiding transfer to another prison. *Meachum v. Fano*, 427
7  U.S. 215, 225-27 (1976).
8    Plaintiff vaguely alleges some sort of harm if he is transferred to a prison in the San
9  Joaquin Valley. Vague assertions of injury are insufficient to state a claim. Plaintiff must set
10 forth sufficient factual allegations sufficient to state a plausible claim for relief. *Moss v. U.S.*
11 *Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949-50).

12 **IV.    Conclusion And Recommendation**

13    Plaintiff fails to state a claim against any Defendants. Plaintiff was previously provided
14 with an opportunity to amend his complaint to cure the deficiencies identified, but was unable to
15 do so. The Court does not find that Plaintiff will be able to plead additional facts to cure the
16 deficiencies in his amended complaint. Accordingly, further leave to amend will not be granted.
17 *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

18    Based on the foregoing, it is HEREBY RECOMMENDED that:

19    1.    This action be dismissed for failure to state a claim upon which relief may be
20          granted; and

21    2.    This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

22    These Findings and Recommendations will be submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-**
24 **one (21) days** after being served with these Findings and Recommendations, the Plaintiff may
25 file written objections with the Court. The document should be captioned "Objections to
26 Magistrate Judge's Findings and Recommendations." The Plaintiff is advised that failure to file

---

[1] It is unclear whether Defendants are actually responsible for screening Plaintiff's inmate appeal. Appeals coordinators are typically Correctional Counselor II. *See* Cal. Code Regs. tit. 15, § 3084.5(a).

1 objections within the specified time may waive the right to appeal the District Court's order.
2 *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
3    IT IS SO ORDERED.
4    Dated:   **May 6, 2011**            /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE